**Pilar LAGUANA, Plaintiff/Appellant,**

v.

**GUAM VISITORS BUREAU its BOARD OF DIRECTORS and Ricardo J. Bordallo, Defendants/Appellees.**

No. 83–2016.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 1983.

Decided Feb. 8, 1984.

Jack A. Rosenzweig, Ching, Rosenzweig & Boertzel, Agana, Guam, for plaintiff/appellant.

J. Bradley Klemm, Klemm, Blaur & Barusch, Suzanne K. Horrigan, Agana, Guam, for defendants/appellees.

Before MERRILL and BOOCHEVER, Circuit Judges, and WYZANSKI *, District Judge.

MERRILL, Circuit Judge.

The question presented on this appeal is whether Pilar Laguana, Appellant herein, by virtue of her employment with the Guam Visitors Bureau, is a public employee and, consequently, afforded civil rights protection from patronage dismissals.

Laguana alleges that she was employed by the Bureau and that ten days after Appellee Bordallo was sworn in as Governor of Guam she was discharged for political reasons, in violation of her rights under the United States Constitution, which rights are made applicable to Guam by the Guam Organic Act, 48 U.S.C. § 1421b(a). The District Court determined, and all parties concede, that Laguana is afforded civil rights protection from political patronage dismissal only if she is a public employee. *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Laguana argues that she ought to be considered a public employee because the Bureau was properly created as an agency or instrumentality of the Government of Guam.

The Bureau, as established by the Governor's Executive Order 70–24 pursuant to Code authority,[1] is an unusual entity. The Executive Order characterizes it as a "quasi-autonomous instrumentality of the government." It derives its funding partly from government sources and partly from sources within the private sector. Any individual, partnership, corporation or association may become a voting member by paying annual dues of at least $100.00. The Governor appoints five directors to the Board of Directors, each of whom has the right to vote at board meetings. The membership of the Bureau elects four directors and four alternate directors.

The District Court concluded, after a lengthy analysis of the Bureau's historic evolution, that it was not an instrumentality of the government, that the status of non-profit organization bestowed upon it by the Guam Code did not constitute it as a public employer, and that the Executive Order should not be construed as attempting to create a public agency where the legislature had chosen otherwise. Judgment was rendered in favor of the Bureau and Governor Bordallo, and this appeal followed.[2]

◼ It thus appears that we are concerned with the District Court's construction of local law—a Guam statute and Executive Order. Our Court has held that under these circumstances determinations of the Guam District Court will be upheld "if they are based upon a tenable theory and are not manifestly erroneous". *Chase Manhattan Bank v. Gems-By-Gordon,* 649 F.2d 710, 712 (9th Cir.1981). *See People of the Territory of Guam v. Dela Rosa,* 644 F.2d 1257, 1260 (9th Cir. as amended May 15, 1981); *Schenck v. Government of Guam,* 609 F.2d 387, 390 (9th Cir.1979). The underlying rationale for this deference is that the local Guam needs and customs may

---

* Honorable Charles Edward Wyzanski, Jr., Senior U.S. District Judge, United States District Court for the District of Massachusetts, sitting by designation.

1. Title XXXIV of the Guam Government Code, Section 38003, states:

   *Guam Visitors Bureau.* The Guam Visitors Bureau shall be a non-profit organization formed for the purpose of promoting the establishment of the visitors industry in Guam, and whose constitution and by-laws, and amendments thereof, shall be approved by the Governor. [Enacted 1952; amended by P.L. 8–68, effective August 12, 1965.]

2. Appellee Bordallo argues that Laguana has failed to perfect an appeal from the judgment in his favor since she misdesignated that judgment in her notice of appeal. He contends that her appeal as to him should be dismissed. We disagree. The Notice specified the judgment being appealed from and identified Bordallo in the caption. It is clear that a mistake in designating the judgment will not be fatal "as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." 9 Moore's Federal Practice § 203.18 (1983). *See Munoz v. Small Business Administration,* 644 F.2d 1361, 1364 (9th Cir.1981). Accordingly we consider the appeal on its merits.

differ from those with which federal courts would otherwise be familiar, so that a showing of "clear and manifest error" is required. *Gumataotao v. Government of Guam,* 322 F.2d 580, 582 (9th Cir.1963).

Laguana contends that the Governor had the power under the Organic Act to define the Bureau as a government entity. Laguana relies on 48 U.S.C. § 1422c(c),[3] which permits the Governor to make changes in the organization of the executive branch to promote effective management, and on § 1422,[4] which gives the Governor general supervision over executive agencies and instrumentalities. Laguana contends that the Executive Order should be read as an exercise of that power.

However, the Organic Act does not bestow on the Governor the authority to create separate agencies or instrumentalities. The power to modify a public entity previously created by the legislature is not the same as a power to create a new entity. That necessarily remains a legislative function.

Laguana argues that the Governor did not create anything new. The function of the Bureau prior to its establishment had been undertaken by Guam's Department of Commerce, and the Governor, it is argued, had done nothing more than reorganize the department. We cannot agree. The Governor's Executive Order 70–24 mandated that the Bureau "shall operate separate and apart from any department or agency of the Government of Guam." That statement is difficult to reconcile with Laguana's claim that the Governor was merely reorganizing an existing executive department.

It is clear, then, that the Governor lacked independent authority to create the Guam Visitors Bureau as a governmental instrumentality. It was against this back-

drop that the District Court concluded that the Bureau was a non-profit organization, as originally set forth by the Guam legislature in section 38003 of the government code, and was not a public entity. We conclude that the District Court's construction of Guam law is tenable and sound and cannot be held manifestly erroneous. Accordingly, we hold that Laguana was not a public employee entitled to protection from patronage dismissals.

JUDGMENT AFFIRMED.

---

**3.** 48 U.S.C. § 1422c(c) provides:

   The Governor shall, from time to time, examine the organization of the executive branch of the government of Guam, and shall determine and carry out such changes therein as are necessary to promote effective management and to execute faithfully the purposes of this chapter and the laws of Guam.

**4.** 48 U.S.C. § 1422 provides, in part:

   The Governor shall have general supervision and control of all executive agencies and instrumentalities of the government of Guam. . . .