8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank H. MARTIN; Joanne D. Martin, individually and as
Guardian ad Litem for their minor sons, Thomas F.
Martin, a minor, David J. Martin, a
minor, Plaintiffs-Appellees,
v.
COUNTY OF STANISLAUS, Gayle Bondy, Richard Allen, Lloyd
Solomon, and William Howard (Child Protective Service
Workers), Stanislaus County Sheriff's Deputies David
Rasmussen, John Mitchell, Richard Rhodes, and Charles
Beidleman and Sgt. Norman Henderson, Defendants-Appellants.
 No. 92-16395.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1993.
Decided Sept. 30, 1993.
 
 1
 Before: POOLE, and FERNANDEZ, Circuit Judges, and KELLEHER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The County of Stanislaus, county social workers, and county sheriffs appeal the district court's denial of their summary judgment motion asserting absolute and qualified immunity from suit as to the federal civil rights and pendant state tort claims raised in Frank and Joanne Martin's action. The claims arose from the defendants' warrantless search of the Martins' home while investigating an anonymous tip that the Martins were neglecting their children. We dismiss the appeal for lack of appellate jurisdiction because the defendants did not file a timely notice of appeal from the district court's denial of summary judgment.[1]
 
 
 4
 * On January 17, 1991, the Martins filed this action in federal court. On April 6, 1992, the defendants moved for summary judgment on the grounds that they had either absolute or qualified immunity from suit. The district court denied the defendants' motion for summary judgment by order entered June 24, 1992. On July 6, 1992, the defendants moved for reconsideration pursuant to Fed.R.Civ.P. 52(b) and Fed.R.Civ.P. 59(e) and moved for a stay pending appeal pursuant to Fed.R.Civ.P. 62(d). In their motion for reconsideration, the defendants disputed one of the district court's "undisputed factual findings" that "Martin permitted entry because he felt that he had no choice in that his children would be taken into custody if he refused entry." The defendants asked the district court to amend this finding. The defendants also asked the district court to clarify whether the defendants were precluded from raising a qualified immunity defense at trial. On July 20, 1992, the district court held a hearing and told the parties how it was going to rule on the motion for reconsideration. The district court directed the preparation of orders and told the Martins to submit the orders to the defendants for approval. No orders were submitted. On August 6, 1992, the defendants filed a notice of appeal. On November 5, 1992, the district court entered an order ruling on the motion for reconsideration.
 
 II
 
 5
 The defendants filed a notice of appeal on August 6, 1992, before the district court disposed of their pending motion for reconsideration, which was filed within ten days of the district court's denial of summary judgment.
 
 
 6
 If a party files a motion to reconsider within ten days of the district court's judgment which is the type of motion that suspends the time to appeal, then any notice of appeal filed before the disposition of that motion has no effect. See Fed.R.App.P. 4(a)(4); Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). Whether a motion for reconsideration tolls the appeals period depends on the type of relief sought. See Whittaker v. Whittaker Corp., 639 F.2d 516, 520 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).
 
 
 7
 The defendants titled their motion "Motion for Amendment of Findings of Fact [FCRP 52(b) ]; Motion to Alter or Amend Judgment [FRCP 59(e) ]; Motion for Stay Pending Appeal [FRCP 62(d) ]" (CR 130, 131). In their motion, the defendants asked the district court to amend its factual findings, clarify whether they were precluded from raising a qualified immunity defense at trial, and stay the proceedings pending appeal. To the extent the motion requested clarification and a stay, it did not toll the time for appeal. Bordallo v. Reyes, 763 F.2d 1098, 1101-02 (9th Cir.1985). To the extent that the motion asked the district court to amend its filings, however, the motion properly sought relief under Rules 52(b) and 59(e). See Fed.R.App.P. 4(a)(4); Fed.R.Civ.P. 52(b); Fed.R.Civ.P. 59(e); Bordallo, 763 F.2d at 1101-02. Because the motion was filed within 10 days from entry of the district court's judgment, it tolled the time for appeal. See Fed.R.App.P. 4(a)(4). The defendants' notice of appeal filed on August 6, 1992 thus had no effect.
 
 
 8
 The pertinent inquiry then becomes whether the defendants filed a document within thirty days after November 5, 1992, the date that the district court disposed of the motion for reconsideration, that can be construed as a notice of appeal. See Smith v. Barry, 112 S.Ct. 678, 681-82 (1992) (pro se informal brief can be construed as timely notice of appeal if it meets the requirements of Fed.R.App.P. 3(c); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir.) (applying Smith and construing request for certificate of probable cause filed by counsel as timely notice of appeal).
 
 
 9
 Rule 3(c) describes what must appear in a notice of appeal:
 
 
 10
 (c) Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of the notice of appeal.
 
 
 11
 Courts liberally construe the requirements of Rule 3. Smith, 112 S.Ct. at 681. Thus, when papers are "technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Id. at 681-82 (quotation omitted). Rule 3 is jurisdictional in nature, however, and noncompliance with Rule 3 is fatal to appellate review. Id. at 682.
 
 
 12
 The defendants filed only two documents within 30 days of November 5, 1992: a motion to file an oversized brief and a motion to extend the time to file their opening brief. Both of these documents name the parties taking the appeal and the court to which the appeal is taken, but neither designates the order appealed from. The declaration attached to the motion to file an oversized brief does state that "[t]he appeal of the above-entitled case necessitates a de novo review of a motion for summary judgment involving extensive factual support and discussion, and based upon two federal immunities and four state law immunities to a pendent state law claim." This statement, however, does not "designate the judgment, order or part thereof appealed from" and thus does not meet the requirements of Fed.R.App.P. 3(c).
 
 
 13
 In sum, the defendants filed no new, timely notice of appeal after the district court disposed of the motion for reconsideration. Accordingly, we dismiss the appeal for lack of jurisdiction.
 
 
 14
 DISMISSED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the parties do not raise the issue, this court must sua sponte consider its jurisdiction to hear an appeal. See Abernathy v. Southern Cal. Edison, 885 F.2d 525, 527 (9th Cir.1989)