**Ricardo J. BORDALLO, Governor of Guam, Plaintiff-Appellant,**

v.

**George W. BALDWIN, Jr., et al., Defendants-Appellees.**

No. 78–2163.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 1980.

Decided Aug. 4, 1980.

Philip H. Jacobsen, Agana, Guam, for plaintiff-appellant.

Donald C. Williams, Carlsmith, Carlsmith, Wichman & Case, Honolulu, Hawaii, for defendants-appellees.

Before CHOY and NELSON, Circuit Judges, and SCHNACKE, District Judge.*

SCHNACKE, District Judge.

Plaintiff, the Governor of Guam, appeals from a judgment of the District Court of Guam, declaring that Guam Government Code § 49004(a), in its present form, is consistent with the Guam Organic Act (48 U.S.C. §§ 1421–1428(e)).

The controversy arises over the governance of the Guam Memorial Hospital

* Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation.

933

(hereinafter, "the Hospital"). From the time of its first authorization in 1952 until 1977, when the legislation in dispute was adopted, the Board of Trustees of the Hospital was appointed by the Governor with the consent of the Legislature.

Prior to 1977, the Hospital was declared by the Legislature to be within the Executive Branch of the Government of Guam. By Guam Public Law 14–29, adopted May 27, 1977, the Hospital was described as "within, and a public corporation and autonomous instrumentality of, the Government of Guam."

In December of 1977, Guam Public Law 14–91 was enacted, amending Guam Government Code § 49004(a) to read in pertinent part as follows:

"All powers vested in the hospital, except as provided herein, shall be exercised by the Board which shall consist of thirteen (13) members, called Trustees. The Governor shall appoint one (1) member each to be chosen from among their number by the Chamber of Commerce, the Guam Medical Society, the Guam Bar Association, the Guam Business and Professional Women's Club, the Guam Association of Retired People, the District Government Council, the Ministerial Association of Guam, the Guam Nurses Association, the Labor Council of the Western Pacific, the Guam Certified Public Accountants Association, the Pacific Chapter of JCI, the Young Men's League of Guam and the Pharmaceuticals Association and their respective successors . . .." (Dist.Ct. No. CV 78–077.)

The parties agree that the effect of this amendment was to eliminate all discretion over appointments by the Governor and to require that he appoint the various persons designated by the several private organizations. There is no requirement that the Governor, the Legislature, or any other public official consent to, approve, or have veto power over, these private selectees,

except that the Governor concededly has the power under Section 1422 of Title 48 U.S.C. to remove Board members once they have been appointed, if good cause for removal can be shown.

It is the contention of the Governor that the method of appointment of trustees of the Hospital adopted in 1977 is prohibited by the Organic Act of Guam, and is beyond the authority of the Legislature.

The Organic Act of Guam is properly described by the parties as Guam's Constitution. In general, it provides for the three branches of government consistent with the constitutional structure of the United States and the powers of each branch flow from, and are limited by the Organic Act. The powers of the Legislature are derived from 48 U.S.C. § 1423a, which reads in part as follows:

> "The legislative power of Guam shall extend to all subjects of legislation of local application not inconsistent with the provisions of this chapter and the United States applicable to Guam. . . ."

As pertinent hereto the powers of the Governor are set forth as follows:

> "The executive power of Guam shall be vested in an executive officer whose official title shall be the 'Governor of Guam'."
>
> "The Governor shall have general supervision and control of all the departments, bureaus, agencies, and other instrumentalities of the executive branch of the government of Guam."
>
> "He shall appoint, and may remove, all officers and employees of the executive branch of the government of Guam, except as otherwise provided in this or any other Act of Congress, or under the laws of Guam, and shall commission all officers that he may be authorized to appoint." (48 U.S.C. § 1422)
>
> "The Governor shall, except as otherwise provided in this chapter or the laws of Guam, appoint, by and with the advice and consent of the legislature, all heads of executive agencies and instrumentalities. The legislature shall establish a merit system and, as far as practicable,

appointments and promotions shall be made in accordance with such merit system." (48 U.S.C. § 1422c(a))

> "Subject to the laws of Guam, the Governor shall establish, maintain, and operate public-health services in Guam, including hospitals . . .." (48 U.S.C. § 1421g(a))

The question presented to us then is whether, when the Governor is specifically charged by Section 1421g(a) of the Organic Act with the responsibility for establishing, maintaining, and operating hospitals, the Legislature may, within the terms of that act, reduce his function with respect to the governance of the Hospital to the mere ministerial function of validating the appointments made by others to the Hospital's governing body. We think it cannot.

Defendants argue that the Governor's general appointive power as set forth in Section 1422c(a), was clearly intended to be subject to legislative action, otherwise Congress would not have included the phrase "except as otherwise provided in this chapter or the laws of Guam", and that his specific responsibility with respect to hospitals is restricted by the inclusion in Section 1421g(a) of the phrase "subject to the laws of Guam". But they failed to recognize that legislative power is limited by Section 1423a to subjects "not inconsistent with the provisions of this chapter". The legislature may, of course determine whether a hospital shall exist at all, where and how large it shall be, the size and qualifications for appointment to the governing body, and a wide variety of other matters establishing the laws of Guam "subject to" which the Governor perform his function with respect to the hospital, but it may not negate the command of the Organic Act that the ultimate responsibility for the governance of the Hospital be in the Governor. This is what it has purported to do by the disputed legislation. The Legislature has in effect, taken over the entire power to establish, maintain and operate the Hospital by dictating who the governing trustees shall be. The Governor is stripped of all power to have any voice in the policies, management

or procedures of the Hospital, despite the mandate of the Organic Act to the contrary. The Legislature has exceeded its power.

Plaintiff further urges that the legislation before us is also violative of 48 U.S.C. § 1471 which provides as follows:

"The legislatures of the Territories of the United States, now or hereafter to be organized shall not pass local or special laws in any of the following enumerated cases, that is to say: '. . . granting to any corporation, association, or individual any special or exclusive privilege, immunity, or franchise whatever. . .'"

The authority of legislatures to limit executive power by restricting the appointment of some or all members of boards, commissions, etc., to those nominated by private organizations has been addressed by a number of state courts with varying results. Some courts have approved the practice in certain circumstances. (*Sturgis v. Spofford*, 45 N.Y. 446 (1871); *Lanza v. Wagner*, 11 N.Y.2d 317, 229 N.Y.S.2d 380, 183 N.E.2d 670 (1962); *Yeilding v. State*, 232 Ala. 292, 167 So. 580 (1936); *Re Bulger*, 45 Cal. 553 (1873); *Miller v. El Paso County*, 146 S.W.2d 1027 (Tex.Civ.App.1940); *Marks v. Frantz*, 179 Kan. 638, 298 P.2d 316 (1956); *Ashmore v. Greater Greenville Sewer Dist.*, 211 S.C. 77, 44 S.E.2d 88 (1947).)

Other courts have rejected such legislation. (*State v. Schorr*, 45 Del. (6 Terry) 18, 65 A.2d 810, 813 (1949); *Lasher v. People*, 183 Ill. 226, 55 N.E. 663, 666 (1899); *Opinion of the Justices*, 337 Mass. 777, 150 N.E.2d 693, 698 (1958); *Rouse v. Thompson*, 228 Ill. 522, 81 N.E. 1109, 1113–1114 (1907); *Winters v. Hughes*, 3 Utah 443, 24 P. 759 (1861).)

The decisions of the various state courts seem to turn largely on special circumstances, such as the nature of the board or body to be appointed and the relationship between it and the private organizations with power to nominate.

While the question of the applicability of Section 1471 was before the District Court, it does not appear to have been ruled upon.

We may assume that the tenor of the declaratory judgment suggests that, *sub silentio*, Section 1471 was found to be inapplicable. Since we have determined that Section 3 of Guam Public Law 14–91 violates the mandate of the Organic Act, we find it unnecessary to consider whether it violates 48 U.S.C. § 1471 as well.

The judgment of the District Court is reversed.