**REPUBLICAN PARTY OF GUAM; I Mina' Bente Singko Na Liheslaturan Guahan, Plaintiffs–Appellees,**

v.

**Carl T.C. GUTIERREZ, as Governor of Guam, and the Government of Guam, Defendants–Appellants.**

**No. 00–16796.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001

Filed Jan. 15, 2002

---

**1088**

Eric A. Heisel, Deputy Attorney General, Hagatna, Guam, for the defendants-appellants.

Curtis C. Van de Veld, Hagatna, Guam, for the plaintiffs-appellees.

Before: THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

The issue we decide in this appeal is whether the district court had subject matter jurisdiction over the plaintiffs' declaratory judgment action against the Governor of Guam, Carl T.C. Gutierrez, and the Government of Guam.

The Guam legislature, I Mina' Bente Singko Na Liheslaturan Guahan, over the Governor's veto, enacted Guam Public Law No. 25–146. That election reform statute required the Governor to choose three of Guam's Election Commission members from a list supplied by the Republican Party and three from a list supplied by the Democratic Party. These six members would choose a seventh.

The Governor violated the statute by refusing to appoint Commission members nominated by the two political parties. Instead, he appointed seven members of his own choosing. In response, the plaintiffs filed this lawsuit, seeking a declaratory judgment and injunctive relief.

After a bench trial, the district court granted judgment in favor of the plaintiffs. The court determined that P.L. No. 25–146 was valid under the Organic Act of Guam, 48 U.S.C. §§ 1421–1428e; that by violating P.L. No. 25–146, the Governor had violated his duty under the Organic Act to faithfully execute the laws of Guam, see 48 U.S.C. § 1422; and that his appointments to the Election Commission, therefore, were void. This appeal followed.

The defendants raise three claims of error. They assert that no federal question jurisdiction exists, that sovereign immunity bars the plaintiffs' lawsuit, and that P.L. No. 25–146 violates the Organic Act by usurping the Governor's appointment and removal powers. We have appellate jurisdiction under 28 U.S.C. § 1291. We conclude that the district court lacked subject matter jurisdiction because this case fails to present a question arising under federal law. We reverse the district court's judgment, and remand to the district court with instructions to vacate its order and judgment and dismiss the case. We do not reach the other claims of error asserted by the defendants.

I.

The only form of subject matter jurisdiction alleged to exist in this case is federal question jurisdiction under 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

■ A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)) (internal quotation marks omitted). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet,* 522 U.S. at 475, 118 S.Ct. 921; *accord Franchise Tax Bd.,* 463 U.S. at 10, 103 S.Ct. 2841.

■ The well-pleaded complaint rule applies to declaratory judgment cases such as the present one. "The operation of the Declaratory Judgment Act [28 U.S.C. § 2201] is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937)) (internal quotation marks omitted).

■ The law of the United States under which the plaintiffs' complaint allegedly arises is the Organic Act of Guam, which functions as Guam's constitution. *See* 48 U.S.C. §§ 1421, 1421a; *Haeuser v. Dep't of Law,* 97 F.3d 1152, 1156 (9th Cir.1996). In their complaint, the plaintiffs allege that a controversy exists under the Organic Act because the Guam legislature and the Governor dispute the scope of their respective legislative and executive powers under the Organic Act. *See* 48 U.S.C. §§ 1422, 1423a.[1] They characterize the relief they seek as either: (1) A declaration of the respective rights of the Legislature and Governor under the Organic Act as to P.L. No. 25–146;[2] or (2) A declaration that the Governor is required to enforce P.L. No. 25–146 under § 1422 of the Organic Act, which makes the Governor "responsible for the faithful execution of the laws of Guam."

■ We begin our analysis by focusing on the plaintiffs' initial characterization of the relief they seek. They are asking a federal court to determine whether the Guam legislature could lawfully enact P.L. No. 25–146, given the respective powers of the Governor and Legislature under the Organic Act. This type of declaratory action cannot support federal question jurisdiction. *See Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. 2841.

In *Franchise Tax Board,* the only disputed issue was whether federal law preempted the state tax law that created the plaintiff's cause of action. The plaintiff sought a declaration that the state law was

---

1. The defendants point out that the complaint's "Prayer for Relief" requests only a declaration of the plaintiffs' and the defendants' respective rights under P.L. No. 25–146. The Prayer for Relief makes no mention of the Organic Act. While informative regarding the thrust of this case, the Prayer for Relief is not controlling. The allegations in the complaint seek a declaration of respective rights under the Organic Act, and these allegations are the proper focus of our inquiry under the well-pleaded complaint rule.

2. In their complaint, the plaintiffs also allege that federal question jurisdiction arises under 48 U.S.C. § 1423b. The district court concluded that this section of the Organic Act, which grants the Legislature power over the selection and qualification of its own members, does not support jurisdiction. We do not consider the issue separately because § 1423b is simply an alternative basis for using the Organic Act to declare the Legislature's and Governor's respective powers.

valid under federal law. *See id.* The Court ruled that no federal question jurisdiction existed:

> There are good reasons why the federal courts should not entertain suits by the States to declare the validity of their regulations despite possibly conflicting federal law. ... The situation presented by a State's suit for a declaration of the validity of state law is sufficiently removed from the spirit of necessity and careful limitation of district court jurisdiction that inform[s] our statutory interpretation ... to convince us that, until Congress informs us otherwise, such a suit is not within the original jurisdiction of the United States district courts.

*Id.* at 21–22, 103 S.Ct. 2841 (emphasis added). This same logic applies here. The district court lacks jurisdiction to adjudicate the plaintiffs' claim that P.L. No. 25–146 does not conflict with the Organic Act.

The plaintiffs seek to escape this result by relying upon the Supreme Court's statement in *Franchise Tax Board* that "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd.*, 463 U.S. at 19, 103 S.Ct. 2841; *see also Levin Metals Corp. v. Parr–Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir.1986) (holding that jurisdiction exists where a declaratory judgment plaintiff asserts a claim that is in the nature of a defense to a threatened or pending action). The plaintiffs argue we should apply this rationale because if the Governor were to have brought the lawsuit, it would have been an action to declare P.L. No. 25–146 invalid under the Organic Act, and that action would presumably raise a federal question.

The plaintiffs mischaracterize the *Franchise Tax Board* opinion by quoting out of context the statement upon which they rely. After making that statement, the Court assumed the declaratory action the defendant could have brought would be a coercive action under federal law to enforce its rights. The Court ruled, however, that acceptance of this assumption did not bring the declaratory judgment action within federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 19–22, 103 S.Ct. 2841. Stressing that states have access to their own courts for the enforcement of their laws, the Court held that a state may not bring a suit in federal court "to declare the validity of [its ] regulations despite possibly conflicting federal law," even if the defendant in such a suit could invoke federal jurisdiction. *Id.* at 21, 103 S.Ct. 2841.

Likewise, the Guam legislature has access to the Guam courts for the enforcement of P.L. No. 25–146. While this case presents a unique twist on *Franchise Tax Board* because the defendant is also in some sense the "state," we fail to see how that circumstance meaningfully distinguishes *Franchise Tax Board.* If anything, the intragovernmental nature of the dispute makes invocation of federal jurisdiction even less appropriate.

■ Nor is federal question jurisdiction conferred by the plaintiffs seeking a declaration that the Governor failed to faithfully execute the laws of Guam as required under the Organic Act. *See* 48 U.S.C. § 1422. There is no suggestion by the plaintiffs, or in the Organic Act itself, that the Governor's duty to enforce the laws of Guam creates an independent federal cause of action in favor of a plaintiff who alleges that a Guam law is not being enforced.

To determine whether federal question jurisdiction exists in this case, the issue is: In order to vindicate their right under P.L. No. 25–146, must the plaintiffs plead, and prove, the asserted violation of federal law? *See Franchise Tax Bd.*, 463 U.S. at

8–9, 103 S.Ct. 2841. The answer is "no." To vindicate the right created by P.L. No. 25–146—the right to have the Governor appoint the Election Commission from those nominated by the recognized political parties of Guam—the plaintiffs need only plead that P.L. No. 25–146 exists and that the Governor failed to follow it, causing them actual or prospective injury. At most, the Organic Act would show that P.L. No. 25–146 is a valid law under that Act. *Cf. Gully v. First Nat'l Bank*, 299 U.S. 109, 115, 57 S.Ct. 96, 81 L.Ed. 70 (1936) (no jurisdiction over a cause of action where federal law is merely evidence of the validity of a state law). While the Governor's duty to enforce P.L. No. 25–146 may be traced to the Organic Act's requirement that the Governor enforce the laws of Guam, this type of attenuated connection cannot support federal question jurisdiction. *See id.* at 117, 57 S.Ct. 96 ("The most one can say is that a question of federal law is lurking in the background.... A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states.").

What the plaintiffs have done is artfully plead the Governor's probable defense—that P.L. No. 25–146 is invalid under the Organic Act. However, on the face of the complaint, a court might never reach the Organic Act issue because the case could be decided upon the issue of whether the Governor violated P.L. No. 25–146; or, the Governor might not choose to raise the Organic Act issue at all. *Cf. Franchise Tax Bd.*, 463 U.S. at 26 n. 29 103 S.Ct. 2841 ("In theory (looking only at the complaint), it may turn out that the levy was improper under state law, or that in fact the defendant had complied with the levy."); *Gully*, 299 U.S. at 117, 57 S.Ct. 96(noting that looking only at the well-pleaded complaint, the case could be decided upon the validity of the facts supporting the state law cause of action).

The plaintiffs argue that we must exercise jurisdiction because we have previously done so in three cases involving disputes between Guam's Governor and its Legislature regarding their respective powers under the Organic Act. In *Bordallo v. Baldwin*, 624 F.2d 932, 933–34 (9th Cir.1980), the Governor of Guam brought suit alleging that the appointment procedures for members of the Board of Trustees of Guam Memorial Hospital were inconsistent with the Organic Act's express grant to the Governor of power over hospitals. In *Bordallo v. Reyes*, 763 F.2d 1098, 1100–01 (9th Cir.1985), the Governor brought suit seeking declaratory and injunctive relief against the elected directors of the Guam Visitors Bureau, alleging that the method of appointment of those directors violated the Organic Act. In *Bordallo v. Camacho*, 475 F.2d 712, 713 (9th Cir.1973) (per curiam), a Guam Senator sought to enjoin a land sale by the Governor until the Legislature approved the sale. We did not address federal question jurisdiction in any of these cases. They do not, therefore, provide binding precedent on that issue. *Sethy v. Alameda County Water Dist.*, 545 F.2d 1157, 1159–60 (9th Cir.1976) (en banc). In any event, the three cases are distinguishable from the present case.

In each of the three cases relied upon by the plaintiffs, the alleged causes of action required resolution of a federal question for the plaintiffs to obtain relief. In both *Baldwin* and *Reyes*, the plaintiffs alleged that the method of appointment of the board members or directors provided for by Guam law violated the Organic Act. *See Baldwin*, 624 F.2d at 933–35; *Reyes*, 763 F.2d at 1100–03. In *Camacho*, the plaintiffs alleged that a land sale could not be completed until the Legislature explicitly approved the sale, as provided for in the Organic Act. *See Camacho*, 475 F.2d at 713–14. Absent the alleged violations of the Organic Act, the plaintiffs in each of

the three cases would not have been able to assert a violation of law or obtain relief. In contrast, the success of the plaintiffs' claim in this case does not depend upon a violation of federal law. The plaintiffs' claim relies upon the Governor's alleged violation of the appointment procedures under Guam law, specifically P.L. No. 25–146. The plaintiffs have failed to state a claim arising under federal law within the meaning of 28 U.S.C. § 1331.

## II.

We conclude the district court lacked subject matter jurisdiction over this lawsuit. Therefore, we reverse and remand with instructions to the district court to vacate its orders and judgment and dismiss this case for lack of jurisdiction.

REVERSED and REMANDED.