Joseph **DELEO**, Jr., D.D., Plaintiff,

v.

Margaret **RUDIN**; Michael J. Amador; Michael J. Amador Chartered, a default Nevada corporation; Does I Through XX Inclusive; and Roes I Through X Inclusive, Defendants.

No. CV–S–0270–PMP(LRL).

United States District Court,
D. Nevada.

July 30, 2004.

Dr. Joseph DeLeo, Jr., Henderson, NV, Pro se.

Robert P. Dickerson, Esq., Douglass A. Mitchell, Esq., Dickerson, Dickerson, Consul & Pocker, Las Vegas, NV, for Defendant Michael J. Amador, Chtd.

Margaret Rudin, Las Vegas, NV, Pro se.

## *ORDER*

PRO, Chief Judge.

Presently before this Court is Defendants Michael J. Amador and Michael J. Amador Chartered's (collectively, "Amador") Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, and Alternatively, Motion for Summary Judgment (Doc. # 70), filed on March 15, 2004. Defendant Margaret Rudin ("Rudin") filed a Motion to Stay Dismissal of Plaintiff's Complaint Filed by Defendant Amador, Esquire, and His Motion for Summary Judgment (Doc. # 79) on March 29, 2004. Plaintiff Joseph DeLeo, Jr. ("DeLeo") filed a Response and Opposition to Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, and Alternatively, Motion for Summary Judgment (Doc. # 81) on March 31, 2004. Amador filed a Reply to DeLeo's Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Alternatively, Motion for Summary Judgment (Doc. # 87) on June 14, 2004.

Also before the Court is Plaintiff's Motion for Leave of the Court to Amend the Pleadings to Add Defendants in Place of Does & Roes to the Instant Complaint (Doc. # 67), filed on March 5, 2004. Amador filed an Opposition to DeLeo's Motion to Amend the Pleadings (Doc. # 83) on May 14, 2004. DeLeo filed a Response to Motion to Defendants Michael J. Amador and Michael J. Amador Chartered's Opposition to DeLeo's Motion to Amend Pleadings (Doc. # 84) on May 21, 2004.

## I. BACKGROUND

Rudin was charged in Nevada state court for the 1994 murder of her husband. (Mot. to Stay Dismissal of Pl.'s Compl. Filed by Def. Amador, Esq., and His Mot.

for Summ. J. ("Mot. to Stay"), Ex. 5, "Rudin Claims Fraud," "Court Briefs for Feb. 1, 2001.") Rudin initially was represented by a public defender, but she later publicly requested private attorneys contact her to discuss representing her. (Mot. to Dismiss for Lack of Subject Matter Jurisdiction, and Alternatively, Mot. for Summ J. ("Mot. to Dismiss"), Ex. A.) Amador contacted Rudin in July 2000, and subsequently agreed to represent her in the criminal proceedings. (Mot. to Dismiss, Ex. B at 7–8.)

During this time frame, Rudin also wrote to the Central Christian Church asking for spiritual guidance. (Mot. to Dismiss, Ex. C at 23.) Upon receiving the letter, the Church sent DeLeo to visit Rudin. (Id. at 23.) DeLeo was a volunteer pastor who assisted with the Church's community care ministry. (Mot. to Dismiss, Ex. C at 7, 26; Ex. E at 40–41.) DeLeo was not ordained by the Central Christian Church, nor was he a paid member of its staff. (Mot. to Dismiss, Ex. C at 62–64.) In June 2000, during one of DeLeo's visits with Rudin, DeLeo and Rudin entered into an agreement in which Rudin turned over to DeLeo all media rights in her life story for the sum of one dollar. (Mot. to Dismiss, Ex. F.) DeLeo was quoted in the local newspaper as stating, "I own her image. All proceeds would go to me and my Christian ministry." (Mot. to Dismiss, Ex. A.)

Upon reading DeLeo's statement in the paper, Amador filed a motion in Rudin's criminal proceeding seeking a gag order under the priest or clergyman privilege to prevent DeLeo from revealing the substance of any conversations he had with Rudin. (Mot. to Dismiss, Ex. I.) On July 27 and August 3, 2000, the Honorable Joseph T. Bonaventure, District Court, Clark County, Nevada, held hearings on the gag order motion. (Mot. to Dismiss, Exs. N; O.) At the August 3 hearing, Amador stated that DeLeo was "not who he . . . says he is." (Mot. to Dismiss, Ex. O at 4.) According to Amador, DeLeo falsely told Rudin he was an ordained minister of the Central Christian Church. (Mot. to Dismiss, Ex. I at 3–5.) Amador also stated that two individuals sent him a letter complaining that DeLeo defrauded them of $15,000 in a land deal. (Mot. to Dismiss, Ex. O at 4.) At the hearing, DeLeo's counsel stated Amador was taking an inconsistent position by alleging DeLeo was a pastor for purposes of the clergyman privilege and also alleging DeLeo was a "fraud." (Id. at 5.) DeLeo agreed he would not divulge any conversations between himself and Rudin, and Amador withdrew the motion for a limited gag order. (Id. at 5–6.)

Upon learning of the contract for media rights between Rudin and DeLeo, the Central Christian Church advised DeLeo he must choose either to dissolve the contract, or cease offering counseling services in the Church's name. (Mot. to Dismiss, Ex. C at 31–34; Ex. D. at 48–49; Ex. G at 12–13.) DeLeo declined to rescind the contract. (Mot. to Dismiss, Ex. G at 19.) The Church then advised DeLeo that although he was welcome to worship there, he no longer would be permitted to represent to others that he was acting on the Church's behalf. (Mot. to Dismiss, Ex. D at 64; Ex. G at 20.)

In the meantime, Amador filed a civil suit on Rudin's behalf to rescind the media rights contract with DeLeo. (Mot. to Dismiss, Ex. B at 51–52; Ex. P.) Amador also continued to represent Rudin at her criminal trial. (Mot. to Stay, Ex. 28, Aff. of Thomas F. Pitaro, ¶¶ 2–4; Mot. to Stay, Ex. 28, Rep.'s Tr. of Proceedings In Chambers at 6–7.) At some point during Amador's representation of Rudin, questions arose as to whether Amador also had contracts with Rudin for publicity rights in her life story. (Mot. to Stay, Ex. 13,

Criminal Ct. Mins.; Mot. to Stay, Ex. 13, Aff. of Annie Jackson ¶ 36; Mot. to Stay, Ex. 13, "Amador Firing Stands Up; Judge Names New Counsel"; Mot. to Stay, Ex. 28, Rep.'s Tr. of Proceedings In Chambers at 5–43.)

DeLeo subsequently brought this suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against Amador and Rudin. (Compl.(Doc.# 1).) DeLeo alleges Amador threatened to destroy DeLeo's credibility if DeLeo did not rescind the contract and turn over Rudin's media rights to Amador. (Compl.¶ 15.) DeLeo also alleges Amador threatened the Central Christian Church with negative publicity if DeLeo did not rescind the agreement. (*Id.* ¶¶ 13–14.) According to DeLeo, when he declined to rescind the contract, Amador followed through on these threats by defaming DeLeo at the hearings before Judge Bonaventure and by getting DeLeo removed from his position with the Central Christian Church. (*Id.* ¶ 17.) DeLeo asserts three causes of action against Amador. First, DeLeo alleges "constructive fraud sounding in tort," claiming Amador made defamatory statements in court to destroy DeLeo's credibility and to obtain Rudin's media rights for himself. (*Id.* ¶¶ 18–23.) Second, DeLeo alleges "personal injury sounding in tort," claiming Amador caused the Central Christian Church to terminate DeLeo's association with the Church. (*Id.* ¶¶ 24–28.) Finally, DeLeo alleges "defamation/slander sounding in tort," claiming Amador's statements defamed DeLeo. (*Id.* ¶¶ 29–34.)

## II. DISCUSSION

Amador moves this Court to dismiss the action for lack of subject matter jurisdiction. Amador argues the Court has no diversity jurisdiction because all parties are Nevada residents. Amador also argues the Court has no federal question jurisdiction because DeLeo has not alleged a cause of action cognizable under 42 U.S.C. § 1983 or § 1985. DeLeo opposes the motion, arguing his Complaint properly stated Amador violated DeLeo's constitutional rights. DeLeo also moves to amend his Complaint to add as defendants the Central Christian Church and some of its employees, and to assert jurisdiction under 28 U.S.C. § 1343. Rudin also opposes the motion, asking this Court to stay dismissal until she can depose Amador. Additionally, Rudin requests the Court declare null and void all contracts for the media rights to her story.

### A. Motion to Dismiss

 Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *U.S. v. Sumner,* 226 F.3d 1005, 1009 (9th Cir.2000). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss the action for lack of subject matter jurisdiction. The plaintiff bears the burden of proving the court has jurisdiction. *Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001).

#### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."

 Plaintiff DeLeo and Defendants Amador and Rudin are all Nevada citizens. (Compl.¶¶ 1–4.) Because this matter is not between "citizens of different States," this Court has no diversity jurisdiction.

#### 2. Federal Question Jurisdiction

DeLeo asserts this Court has jurisdiction over his claims based upon 42 U.S.C. § 1983 and § 1985. Amador contends De-

Leo's Complaint cannot support a claim under either statute.

■ Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir.2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* " 'Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *U.S. v. Morros*, 268 F.3d 695, 701 (9th Cir.2001) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quotation omitted)).

a. Section 1983

■ "To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." *Gritchen v. Collier*, 254 F.3d

807, 812 (9th Cir.2001). That the defendant act under color of state law is " 'a jurisdictional requisite for a § 1983 action.'" *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 46, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).

■ DeLeo's action is against private individuals. Under some circumstances, private individuals may be liable as governmental actors. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003); *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir.1997). But a private attorney, even if he is an appointed attorney or public defender, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *see also Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir.1972) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law.").

DeLeo has presented no evidence or argument that Amador was acting under color of state law. Amador was Rudin's private attorney in her criminal proceedings. Even if Amador had been Rudin's appointed attorney or a public defender, his performance of traditional functions as her counsel in a criminal proceeding do not rise to the level of acting under color of state law to support a § 1983 claim. DeLeo has not identified any other basis under which the Court could conclude Amador acted under color of state law. DeLeo makes no claim Rudin acted under color of state law.[1]

Because DeLeo cannot establish Defendants acted under color of state law, DeLeo cannot state an actionable claim under

---

1. The Court notes that although DeLeo's Complaint names Rudin as a defendant, the Complaint does not allege tortious behavior on her part. The Complaint's allegations are focused solely on Amador's alleged actions and statements.

§ 1983. The Court therefore will dismiss with prejudice DeLeo's § 1983 claim for failure to state a claim, and thus for lack of jurisdiction. *See Gritchen,* 254 F.3d at 814.

#### b. Section 1985

Section 1985 contains three discrete substantive clauses. Amador contends DeLeo's Complaint does not and cannot arise under any of § 1985's subsections. DeLeo does not specifically respond to Amador's arguments, but generally maintains that he has alleged federal claims and constitutional violations.

#### i. Section 1985(1)

By its terms, § 1985(1) concerns preventing an officer of the United States from performing his or her duties.[2] DeLeo does not allege and does not offer any evidence that he held an office of the United States or that Amador somehow interfered with a United States official. DeLeo therefore does not state a claim under § 1985(1).

---

**2.** Section 1985(1) provides a cause of action:

If two or more persons ... conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties ...

**3.** Section 1985(2) provides a cause of action:

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in

#### ii. Section 1985(2)

Section 1985(2) contains two causes of action.[3] "The first clause of section 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith." *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 3 (9th Cir.1985). The second clause of § 1985(2) provides a cause of action:

if two or more persons conspire for the purpose of impeding ... the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws ...

42 U.S.C. § 1985(2). To state a claim under § 1985(2)'s second clause, a plaintiff must allege he is a member of a class which suffers from invidious discrimination and the defendant's acts were motivated by animus towards that class. *Bretz,* 773 F.2d at 1028.

Because DeLeo has not identified any federal proceeding connected with his claims, DeLeo has failed to state a cause of action under § 1985(2)'s first clause. DeLeo also has failed to state a claim under

any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws ...

§ 1985(2)'s second clause because he has failed to allege he is a member of a protected class and that Defendants' actions were motivated by class-based animus. DeLeo notes in his Opposition, but not in the Complaint, that he is of Italian descent. Even assuming Italian heritage qualifies as a suspect class, DeLeo does not allege Defendants acted against him because of his ethnic background. DeLeo's Complaint alleges only that Amador's motivation was to secure Rudin's media rights for himself.

iii. Section 1985(3)

■■■ Section 1985(3) sets forth three different types of claims.[4] Section 1985(3)'s first clause provides a cause of action against private individuals who conspire to deny any person equal protection of the laws. Section 1985(3)'s second clause provides a cause of action for a conspiracy which has as its purpose preventing or hindering state authorities from giving or securing equal protection of the laws to persons within the state. Section 1985(3)'s third clause provides a cause of action for a conspiracy to interfere with federal elections. To prove a violation of § 1985(3) under the first two clauses, a plaintiff must show " 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspira-

tors' action.' " *Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir.2001) (emphasis omitted) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)).

DeLeo has not stated a cause of action under § 1985(3). As previously discussed, DeLeo has failed to allege or provide any evidence Defendants were motivated by an invidiously discriminatory purpose. Additionally, DeLeo makes no claim Defendants interfered with a federal election.

DeLeo's citations to 42 U.S.C. § 1983 and § 1985 are insufficient to establish federal jurisdiction. Because DeLeo has failed to assert a substantial, non-frivolous federal claim, this Court lacks subject matter jurisdiction.

**B. Amending the Complaint**

DeLeo requests the Court permit him to amend his Complaint to assert jurisdiction under 28 U.S.C. § 1343, and to add as defendants the Central Christian Church and certain employees thereof. Amador does not directly respond to DeLeo's invocation of § 1343, but Amador contends that once the Court has determined it has no jurisdiction, it has no choice but to dismiss.

■■■ Generally, a plaintiff may amend his or her complaint once "as a matter of

---

4. Section 1985(3) provides a cause of action: If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States . . . .

course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a). If a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). In the Ninth Circuit, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989)).

■ Because amendment would be futile, the Court will not grant DeLeo's request to amend his Complaint. DeLeo's addition of the Central Christian Church and its employees does not cure the jurisdictional defects discussed above. Neither the Church nor its members are state actors for § 1983 purposes. DeLeo has offered no indication the Church or its employees acted with the class-based animus necessary to support an action under § 1985(2) or § 1985(3). Nor do his allegations implicate § 1985(1) (interfering with a United States official), the first clause of § 1985(2) (interfering with a federal judicial proceeding), or the third clause of § 1985(3) (interfering with a federal election).

■ Furthermore, 28 U.S.C. § 1343 does not assist DeLeo in establishing this Court's jurisdiction. Under § 1343:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a). Section 1343 does not create a cause of action itself; it confers jurisdiction where the plaintiff otherwise has stated a cause of action. *See Am. Sci. & Eng'g, Inc. v. Califano,* 571 F.2d 58, 63 n. 8 (1st Cir.1978); *Dorak v. Shapp,* 403 F.Supp. 863, 865 (M.D.Pa.1975). Consequently, the Court does not have jurisdiction under § 1343 unless the plaintiff has stated a non-frivolous claim under one of the substantive statutes to which this section refers. *See Stanislaus Food Prods. Co. v. Pub. Utils. Comm'n,* 560 F.Supp. 114, 118 (N.D.Cal.1982); *Totaro v. Lyons,* 498 F.Supp. 621, 626 (D.Md.1980).

As this Court already has ruled, DeLeo has failed to state a substantial, non-frivolous claim under § 1983 or § 1985. DeLeo's recitation of § 1343 does not alter

this analysis. Because DeLeo does not state a substantial, non-frivolous claim under a separate substantive statute referred to in § 1343, DeLeo cannot establish that this Court has jurisdiction under § 1343.

DeLeo has failed to meet his burden of establishing this Court has subject matter jurisdiction over his claims. DeLeo's claims all sound in state law tort, and he has not identified any substantial, non-frivolous basis to bring his claims in this Court. Amendment to the Complaint would not cure these defects. Consequently, the Court will grant Defendants' Motion to Dismiss, and will deny DeLeo's Motion to Amend.[5]

### C. Motion to Stay and/or to Rescind Media Contracts

█ Rudin requests that this Court stay dismissal of DeLeo's Complaint so that she may depose Amador. In the alternative, Rudin asks the Court to rescind any and all media rights contracts to which she is a party.

█ While the Court appreciates Rudin's position, the Court cannot act upon her requests. A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act. *Steel Co.*, 523 U.S. at 94, 118 S.Ct. 1003 ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation omitted).

This Court has determined it lacks subject matter jurisdiction over this action. Accordingly, the Court cannot stay the proceedings and cannot rescind Rudin's alleged contracts.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Michael J. Amador and Michael J. Amador Chartered's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, and Alternatively, Motion for Summary Judgment (Doc. # 70) is hereby GRANTED. The Court hereby dismisses the Complaint for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave of the Court to Amend the Pleadings to Add Defendants in Place of Does & Roes to the Instant Complaint (Doc. # 67) is hereby DENIED.

IT IS FURTHER ORDERED that all other pending motions in this action are hereby DENIED as moot.

---

**5.** Because the Court finds it lacks subject matter jurisdiction and dismisses the Complaint on this basis, the Court need not address Amador's arguments on the merits of DeLeo's claims.