**Anthony P. KEYTER, Plaintiff— Appellant,**

v.

**Gary LOCKE; et al., Defendants— Appellees.**

No. 05–35717.
D.C. No. CV–04–05867–CCL.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony P. Keyter, Gig Harbor, WA, pro se.

Jennifer Smith Meyer, Office of the Washington Attorney General (Olympia) Torts Division, Olympia, WA, Daniel R. Hamilton, Pierce County Prosecuting Attorney'S Office Civil Division, Jon J. Walker, Office of District Attorney, Tacoma, WA, Carol A. Morris, Seabeck, WA, Robert P. Brouillard, Office of the U.S. Attorney, Seattle, WA, for Defendants-Appellees.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM***

Anthony P. Keyter appeals pro se from the district court's judgment dismissing his action against 230 defendants, including officials of the City of Tacoma and the United States, alleging that they failed to prosecute his ex-wife, her lawyer, and the judge involved in his state court dissolution proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Rivera v. United States,* 924 F.2d 948, 950 (9th Cir.1991). We affirm

▮ In this action, Keyter alleges that defendants failed to stop his ex-wife, her lawyer, and the state court judge from stealing his assets. The district court properly dismissed Keyter's action for lack of subject matter jurisdiction because Keyter's conclusory claims of criminal acts committed during the dissolution of his marriage rest on no provision of the Constitution, the laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *Republican Party of Guam v. Gutierrez* 277 F.3d 1086, 1088–89 (9th Cir.2002).

▮ The district court did not abuse its discretion by denying Keyter's motion to disqualify the presiding judge in his case because Keyter failed fo file an affidavit in support of his motion, *see* 28 U.S.C. § 144, and Keyter's motion made no allegations of prejudice other than simple conclusions and opinions, *see United States v.*

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*$292,888.04 in U.S. Currency,* 54 F.3d 564, 566 (9th Cir.1995); *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986). Likewise, Keyter's contention that the district court judge committed fraud is unsupported by the record.

▉ The district court did not abuse its discretion by prohibiting Keyter from filing future claims arising from the subject matter of this case against any of the named defendants or proposed additional 51 defendants because the court made substantive findings of frivolousness, and the order was narrowly tailored to curb the abuses of this particular litigant. *See De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990).

Keyter's remaining contentions lack merit.

Keyter's urgent motion for preliminary injunction is denied.

**AFFIRMED.**