NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HALEY DARIA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SAPIENT, INC., AKA Level Studios, LLC, DE #2273938 as successor to WA Associates, LLC [successor to Level Studios, Inc.] & successor to LVL Sunset LLC; et al., <br><br> Defendants-Appellees. | No. 18-15699 <br><br> D.C. No. 3:17-cv-05453-WHA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Haley Daria appeals pro se from the district court's judgment dismissing her

action alleging claims arising out of settlement agreements she signed with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction.  *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).  We affirm.

The district court properly dismissed Daria's action for lack of subject matter jurisdiction because Daria failed to allege facts sufficient to show that her claims arose under federal law.  *See* 28 U.S.C. § 1331; *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) ("A case 'arises under' federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (citation and internal quotation marks omitted)); *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002) ("Federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." (internal citation and quotation marks omitted)).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued

18-15699

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Daria's motions to supplement the record (Docket Entry Nos. 37, 38) are denied. Daria's motion to recuse the Honorable Mary M. Schroeder (Docket Entry No. 66) is denied. Daria's request for judicial notice (Docket Entry No. 68) is denied.

**AFFIRMED.**